UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JAIKISHAN, | No. 2:16-cv-1803-KJM-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, DOES 1 through 10, | |
| Defendants. | |

    The court previously granted plaintiff's request to proceed *in forma pauperis*, but dismissed the original complaint with leave to amend pursuant to 28 U.S.C. 1915(e)(2).[1] ECF No. 5. Plaintiff subsequently filed a first amended complaint. ECF No. 6. As explained below, that amended complaint fails to cure the defects that resulted in dismissal of plaintiff's original complaint, and it, too, must be dismissed.

    As previously explained to plaintiff, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

(citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Like plaintiff's original complaint, his amended complaint consists largely of vague and conclusory allegation that are insufficient to state a claim for relief. Plaintiff asserts claims against the County of Sacramento ("County"), Sacramento County Sheriff Scott Jones, and several unidentified County employees, alleging that defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; the Americans with Disabilities Act ("ADA"); and the California Constitution. ECF No. 6. Plaintiff alleges that from April 7, 2016 through May 5, 2016, he was incarcerated in the Sacramento County jail and that at the time of his admission, jail staff was notified that plaintiff had extraordinary high blood pressure and was diabetic. *Id*. The jail medical staff allegedly concluded that plaintiff was in need of immediate medical attention, but he was denied medical care and instead placed in solitary confinement. Plaintiff further alleges that he fell down on several occasions, but his requests for medical care were denied. *Id*. He also claims that defendants deprived him of his

2

liberty without due process of law, and that "all defendants were implementing official policies under color of state or local law in doing the acts alleged." *Id*. at 2. Lastly, plaintiff alleges that defendants intentionally denied his requests for "educational classes, religious services, an ADA coordinator and inmate worker programs" in violation of the ADA.

As previously explained to plaintiff, his attempt to assert claims against unidentified individuals is problematic. Unknown persons cannot be served with process until they are identified by their real names, and the court will not investigate the names and identities of unnamed individuals.

As for the County of Sacramento and Sacramento County Sheriff Scott Jones, plaintiff's allegations are too vague and conclusory to state a § 1983 claim against these defendants. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

A municipal entity or its departments (such as a county, a county jail, or a county employee acting in an official capacity) is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically
/////

3

liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Plaintiff's amended complaint is devoid of any factual allegations reflecting that any of the unidentified defendants or other county employees were acting pursuant to a policy or custom. Although plaintiff concludes that "all of the defendants were implementing official policies," that conclusory statement is insufficient to establish liability municipal liability under § 1983. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations); *see Mayfield v. Cnty. of Merced*, 2014 WL 2574791, at *13 (E.D. Cal. June 9, 2014) ("This conclusory statement, which is unsupported by any factual allegations as to what the policy, custom, and practice consists of, who established it, when, and for what purpose, does not sufficiently allege a basis for *Monell* liability."). Likewise, plaintiff's conclusory statement that all defendants failed to "properly supervise others, and/or knowingly acquiesced in the misconduct" is insufficient to state a § 1983 claim.

Plaintiff also again fails to state a claim for violation of the ADA. Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

The ADA authorizes suits by private citizens for money damages against public entities, *United States v. Georgia*, 546 U.S. 151, 153 (2006), and county jails fall within the statutory

definition of "public entity." *Lee*, 250 F.3d at 691. "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id*. at 1139.

Like plaintiff's § 1983 claim, his ADA claim rests entirely on vague and conclusory allegations. Specifically, plaintiff alleges that his requests for educational classes, religious services, an ADA coordinator, and participation in inmate worker programs were intentionally denied "because Jail Staff could not accommodate plaintiff for these said programs due to his disability." ECF No. 6 at 3. This vague and conclusory statement is little more than a recitation of the elements of a Title II claim, which is insufficient to establish plaintiff's entitlement to relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not due."). Accordingly, plaintiff fails to sufficiently allege a federal claim.

Plaintiff's state law claims must also be dismissed. The complaint fails to establish diversity of citizenship that could support jurisdiction over his state law claims. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.). And as discussed above, the complaint fails to properly plead a federal cause of action, which precludes supplemental jurisdiction over a state law claim. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Accordingly, plaintiff's state law claims must be dismissed for lack of jurisdiction.

The only remaining matter is whether plaintiff should be granted leave to amend. Plaintiff's amended complaint is plagued with the same deficiencies as his original complaint. Given plaintiff's complete failure to remedy the deficiencies identified by the court in the prior dismissal order, the court finds that further amended would be futile. Accordingly, plaintiff's amended complaint should be dismissed without leave to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's claims against the unidentified defendants be dismissed without prejudice to re-filing an action against these defendants should plaintiff learn their true names;

2. Plaintiff's claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act against the County of Sacramento and Sacramento County Sheriff Scott Jones be dismissed without leave to amend;

3. Plaintiff's state law claims be dismissed for lack of subject matter jurisdiction; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE